*1070 Memorandum: On appeal from a judgment convicting him following a nonjury trial of two counts of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [1], [2] [b]), defendant contends that the evidence is legally insufficient to establish that he intended to steal property forcibly from another person, and that the verdict in that regard is against the weight of the evidence. We reject those contentions. The relevant facts are not in dispute. At approximately 6:30 a.m. on November 1, 2008, an employee of a Wendy’s restaurant in Rochester was preparing food for the day when he heard the sound of knocking at the back door, which is not used by the general public. The restaurant was closed at the time. When the employee looked at the security camera, he observed two men outside “banging” on the back door. Both men wore masks and appeared to be brandishing handguns. The employee called 911, and a police officer was dispatched to the scene.
When the officer arrived at the back of the restaurant in a marked patrol vehicle, he observed two men hiding behind a stack of crates. As the officer began to exit his vehicle, the men emerged from behind the crates. One of the men, later identified as defendant, ran directly toward the officer with his gun pointed at the officer, while the other man ran in the opposite direction. Defendant was wearing a black mask over his face, a black knit hat and black gloves. The officer pursued defendant and, with the assistance of the K-9 unit, found him hiding between two nearby buildings. Defendant had a backpack that contained clothing but no gun. The police later found a black BB gun in the grass behind the restaurant near the location where the men were hiding. The police also found a vehicle registered to defendant in a parking lot next to the restaurant, and they found a pellet gun inside the vehicle. Defendant’s companion was never apprehended.
The indictment charged defendant with two counts of attempted robbery in the second degree and two counts of attempted burglary in the second degree. Both counts of at *1071 tempted robbery alleged, inter alia, that defendant “attempted to forcibly steal property from an employee of the Wendy’s restaurant.” At trial, the parties stipulated to the introduction in evidence of the footage from the store security camera, which showed two masked men knocking at the back door and holding pistols. The parties further stipulated that defendant was the masked man who ran toward the responding officer and was later apprehended. The three employees of Wendy’s who were working that morning testified that they did not know defendant. County Court convicted defendant of both attempted robbery counts and acquitted him of the attempted burglary counts.
Although defendant concedes that he and his companion “may have been up to no good with their masks and BB guns when they knocked on the door,” he contends that the People failed to prove beyond a reasonable doubt that they intended to commit a robbery as opposed to some other crime, such as murder, kidnapping, rape or assault, and thus that the evidence is legally insufficient to support the conviction. We reject that contention. “Because intent is an invisible operation of the mind . . . , direct evidence is rarely available (in the absence of an admission) and is unnecessary where there is legally sufficient circumstantial evidence of intent,” which may be inferred from defendant’s conduct and the surrounding circumstances (People v Rodriguez, 17 NY3d 486, 489 [2011] [internal quotation marks omitted]). Here, it may reasonably be inferred from defendant’s conduct and the surrounding circumstances that he intended to steal property forcibly from an employee of Wendy’s.
Although defendant’s mere entry into a store with a gun does not “unequivocally establish that he intended to commit a robbery” (People v Bracey, 41 NY2d 296, 301 [1977], rearg denied 41 NY2d 1010 [1977]), the evidence also established that none of the Wendy’s employees knew defendant; the restaurant was not open to the public when defendant sought entry; defendant and his accomplice were armed with BB guns that appeared to be firearms; defendant and his accomplice wore masks and gloves; and defendant had a backpack into which stolen property could be put. Viewing the evidence in the light most favorable to the People, as we must (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a “ ‘valid line of reasoning and permissible inferences [that] could lead a rational person’ ” to the conclusion reached by the trial court, i.e., that defendant was trying to gain entry into the restaurant with the intent to steal property forcibly from someone inside (People v Hines, 97 NY2d 56, 62 [2001], rearg denied 97 NY2d 678 [2001]). Furthermore, viewing the evidence in light of the elements of *1072 the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Although it is possible, as defendant contends, that he intended to commit a crime other than robbery, e.g., murder, kidnapping, rape or assault, we conclude that there is “not a reasonable possibility” that he intended to do so (Bracey, 41 NY2d at 303). Because the only weapons possessed by defendant and his accomplice were BB guns, it is not reasonable to infer that they intended to murder anyone inside the restaurant. Similarly, in the absence of evidence that defendant or his accomplice knew any of the Wendy’s employees, it is not reasonable to infer that they intended to assault one or more of the employees. Indeed, “[i]n order to find that the defendant[ ] intended a personal assault . . . under these circumstances, the [trier of fact] would have to resort to sheer speculation” (id. at 302). Nor is it reasonable to infer that defendant intended to rape or kidnap someone in the restaurant. The only reasonable inference to be drawn is that defendant was attempting to gain entry to the restaurant so that he could rob someone.
Finally, we reject defendant’s contention in his pro se supplemental brief that he was deprived of effective assistance of counsel because his trial attorney failed to object to the verdict as being repugnant. Even assuming, arguendo, that it was factually illogical for defendant to have committed attempted robbery in the second degree but not attempted burglary in the second degree, we conclude that it was not legally or theoretically impossible (see People v Muhammad, 17 NY3d 532, 545 [2011]; People v McFadden, 90 AD3d 413, 414 [2011], lv denied 18 NY3d 995 [2012]), inasmuch as the acquittal on the attempted burglary charges was not “conclusive as to a necessary element” of the attempted robbery charges (People v Tucker, 55 NY2d 1, 7 [1981]). Where, as here, “there is a possible theory under which a split verdict could be legally permissible, it cannot be repugnant, regardless of whether that theory has evidentiary support in a particular case” (Muhammad, 17 NY3d at 540).
All concur except Fahey, J.E, and Feradotto, J, who dissent and vote to reverse the judgment in accordance with the following memorandum.